IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41063
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL DE JESUS MARROQUIN-ALCANTARA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-368-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Samuel De Jesus Marroquin-Alcantara appeals the 41-month
sentence imposed following his plea of guilty to a charge of
being found in the United States after having been deported in
violation of 8 U.S.C. § 1326. He contends for the first time on
appeal that 8 U.S.C. § 1326(b)(2) is unconstitutional because it
does not require the prior aggravated felony conviction used to
increase his sentence to be proven as an element of the offense.
He argues that his conviction should be reformed to the lesser

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

included offense in 8 U.S.C. § 1326(a) and that he should be resentenced to no more than 2 years of imprisonment.

Marroquin acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Marroquin's argument is foreclosed. The judgment of the district court is AFFIRMED.